UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TAMICHAEL WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 3:21-CV-80-TAV-HBG |
| | ) |
| OFFICER STEWART, | ) |
| SERGEANT OLDEM, and | ) |
| OFFICER SPARKS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and related motions for leave to proceed *in forma pauperis* [Docs. 6 and 8]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

### I.  MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the certification of Plaintiff's inmate account that Plaintiff lacks sufficient financial resources to pay the filing fee in this action.  Accordingly, pursuant to 28 U.S.C. § 1915, his amended motion to proceed *in forma pauperis* [Doc. 8] will be **GRANTED**, and Plaintiff's initial motion [Doc. 6] will be **DENIED** as moot.

Because Plaintiff is an inmate in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

Finally, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

B.     **Allegations of Complaint**

Plaintiff "got into a[n] altercation" with several officers after refusing to lockdown at the Knox County Jail ("Jail") at around 6:30 p.m. [Doc. 1 p. 4]. Officer Stewart pushed

3

Plaintiff and slammed him to the ground, injuring Plaintiff's right knee in the process [*Id.*]. At approximately 9:00 p.m., Plaintiff asked another inmate to get help because Plaintiff could not feel his left knee [*Id.*]. Officers put Plaintiff in a wheelchair and transported him to the Roger D. Wilson Detention Facility [*Id.*]. In removing Plaintiff from the vehicle, Officer Sparks intentionally jerked Plaintiff's leg, causing Plaintiff pain [*Id.*]. Plaintiff was then taken to medical, where a nurse examined his left knee and noticed swelling to it [*Id.*]. Plaintiff was put on "the x-ray list," and he was given Ibuprofen [*Id.*]. Plaintiff stayed in a cell at the detention facility until the swelling abated and returned to the Jail the following day [*Id.*].

Upon his return to the Jail, Plaintiff was informed that his property, including his grandmother's obituary, had been lost [*Id.*]. The next morning, Plaintiff spoke with Sergeant Oldem, who admitted he discarded Plaintiff's property [*Id.*].

Thereafter, Plaintiff filed the instant suit asking the Court to award him monetary damages against Defendants and against Sergeant Kidd, who "made fun of [Plaintiff's] mental health problem[s] and race" [*Id.* at 5].

### C. Analysis

#### 1. Loss of Property

Plaintiff claims that Sergeant Oldem improperly discarded Plaintiff's personal property. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a State employee randomly deprives an individual of property, provided that the State makes available a meaningful post-

4

deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Thus, to state a § 1983 claim premised on such a deprivation, Plaintiff is "required to plead . . . that there is no adequate state-law remedy for this deprivation." *Hill v. City of Jackson, Michigan*, No. 17-1386, 2018 WL 5255116, at *3 (6th Cir. Oct. 22, 2018).

Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Additionally, the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, 2001 WL 839037 * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Plaintiff has not shown that these State remedies are inadequate, and therefore, he has not stated a claim that would entitle him to relief under § 1983 for the deprivation of his personal property. Accordingly, this claim will be **DISMISSED**.

### 2. Retaliation

Plaintiff claims that Officer Sparks is liable in this action because of his retaliation [Doc. 1 p. 5]. However, to establish a retaliation claim, Plaintiff must show that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175

5

Case 3:21-cv-00080-TAV-HBG   Document 9   Filed 03/19/21   Page 5 of 9   PageID #: 30

F.3d 378, 394 (6th Cir. 1999). Plaintiff does not identify any facts that would allow the Court to plausibly infer that Officer Sparks pulled his leg in retaliation for some protected conduct. Plaintiff's subjective belief that he has been retaliated against is insufficient to state a claim. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). Accordingly, the Court finds Plaintiff's wholly conclusory allegations of Defendant Sparks' retaliatory motives insufficient to state a claim under § 1983. *See, e.g., Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Therefore, this claim will be **DISMISSED**.

### 3. Excessive Force

Plaintiff has alleged that Officer Stewart subjected Plaintiff to excessive force. In determining whether a prison official has violated the Eighth Amendment's prohibition against excessive force, courts apply a two-part inquiry: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm," i.e. the subjective component; and (2) whether the conduct, in context, is sufficient serious to offend "contemporary standards of decency," i.e., the objective component. *Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992). The subjective component requires consideration of the need for the use of force, the relationship between that need and the force used, the threat reasonably perceived by the official, and the extent of the injury. *Hudson*, 503 U.S. at 7. To satisfy the objective component, an inmate need not prove a serious injury to prove cruel and unusual treatment, but the extent of the injury may be probative of whether the force was plausibly "thought necessary" in the situation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). However, "not every malevolent touch by a

6

prison guard" creates a federal claim, and *de minimis* uses of physical force that are not repugnant to the conscience of mankind do not violate the Eighth Amendment. *Id*. (quoting *Hudson*, 503 U.S. at 9).

The Court finds that Plaintiff's allegations do not state a valid claim for excessive force, as he fails to demonstrate that force was applied to cause harm. First, Plaintiff concedes that he "got into an altercation" with officers and was taken to the ground because he was refusing orders. Plaintiff's allegations indicate that officers used force to secure Plaintiff's compliance with commands, and "the good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (citing *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986)). As the Sixth Circuit has held, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Pelfrey v. Chambers*, 43 F.3d 1034, 1039 (6th Cir. 1995) (internal quotation marks and citation omitted).

Second, Plaintiff's only alleged injury from his altercation is a swollen knee that lasted fewer than twenty-four hours and was treated with over-the-counter pain medication. These facts indicate that the use of force was not excessive to the need for force, but rather, a *de minimis* use of force that resulted in a *de minimis* injury. *See, e.g., Jarriett v. Wilson*, 162 F. App'x 394, 400-01 (6th Cir. 2005) (finding swelling, pain, and cramps not producing medical findings constituted no more than *de minimis* injury); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (finding bruised ear a *de minimis* injury).

7

Accordingly, Plaintiff's claim of excessive force will be **DISMISSED** for failure to state a claim upon which relief may be granted.

### 4. Disparaging Comments

Although Plaintiff did not list Sergeant Kidd as a Defendant in this action, the Court nonetheless considers Plaintiff's allegation that he is entitled to monetary relief from Kidd because Kidd "made fun" of Plaintiff's race and mental condition. While such conduct is unprofessional and should not be condoned, the facts as alleged by Plaintiff do not rise to the level of a constitutional violation. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that allegations of harassment and verbal abuse are insufficient to assert a claim under the Eighth Amendment). Accordingly, this allegation fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's amended motion for leave to proceed *in forma pauperis* [Doc. 8] is **GRANTED**, and his initial motion [Doc. 6] is **DENIED** as moot;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE